UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CR. NO. 04-80370
                                   HONORABLE JOHN CORBETT O'MEARA

AKRAM ABDUL KARIM BERRO,

        Defendant.
_____/

**SENTENCING MEMORANDUM**

Defendant was charged by First Superseding Indictment with Conspiracy, 18 U.S.C. 371; Bank Fraud, Aiding and Abetting, 18 U.S.C. 1344 and 2; Bankruptcy Fraud, Aiding and Abetting, 18 U.S.C. 157(1) and 2; Conspiracy to Launder Money, 18 U.S.C. 1956(h); and Conspiracy to Commit Bank Fraud, 18 U.S.C. 1349. On July 25, 2006, Defendant pled guilty without a Rule 11 Plea Agreement.

At the time of his plea, only one other codefendant had pled guilty. No agreement was offered because Defendant could not guarantee a 3-way plea involving his wife, Jamal Berro, and his son, Abdul Karim Akram Berro. In a prior plea offer, the Government calculated a guideline range of 30-37 months, based upon an Offense Level of 19 and Criminal History Category of I. Defendant's guilty plea led to the guilty pleas of the remaining defendants in all three trials.

The Probation Department has calculated a higher sentence range of 46-57 months in the Presentence Report. This range is based upon a higher Offense Level of 23 and Criminal

History Category of I. The higher offense level is based upon the assessment of an additional 2 levels, under USSG 2B1.1(b)(2)(B) for "more than 50 victims" and the denial of the additional 1 level reduction under USSG 3E1.1(b). Defendant has filed objections to these calculations which remain unresolved.

Defendant anticipates the Government filing a downward departure motion on his behalf, recommending a sentence within a range of 38-49 months, due to his cooperation in leading the other codefendants to plead guilty. (See Presentence Report, p. 32). This recommendation represents approximately a 2 level downward departure. Although the motion under §3553(e) and §5K1.1 must be made by the Government, there is no limit to the extent of downward departure as long as the sentence is reasonable. United States v. Snelling, 961 F.2d 93, 96-7 (6th Cir. 1992).

Defendant respectfully requests this Court to (1) grant the Government's downward departure request, (2) impose a sentence of 28 months imprisonment, pursuant to 18 U.S.C. 3553, and (3) stagger his sentence with any sentence imposed upon his wife, Jamal Berro, so that one parent may remain in the family home with their children while the other parent is serving their respective sentence.

### I.

### OBJECTION TO PROBATION DEPARTMENT'S OFFENSE LEVEL CALCULATIONS

Defendant objects to the Probation Department's Offense Level calculations. Defendant objects to the Probation Department's denial of an additional 1 level reduction in the offense level under U.S.S.G. 3E1.1(b), since he notified the Government of his intent to

plead guilty prior to his actual plea date and his guilty plea led to his codefendants' guilty pleas which permitted the Government to avoid three multiple-defendant trials and therefore conserved significant governmental and judicial resources. Defendant submits that his pre-departure range should be 41-51 months, based upon Offense Level 22 and Criminal History Category I.

**I.**

### THE SENTENCING FACTORS IN DEFENDANT'S CASE
### WARRANT A SENTENCE OF 28 MONTHS IMPRISONMENT

It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. Koon v. United States, 116 S.Ct. 2035, 2053 (1996). In United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court ruled that the Sentencing Guidelines no longer have the force and effect of law and are "effectively advisory". Id. at 743. Under Booker, application of the Guidelines by the district court is not mandatory; however, the court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. United States v. Davis, 397 F.3d 340 (6th Cir. 2005). Booker returns substantial discretion to the sentencing judge to depart above and below the Guidelines range so long as such sentences are reasonable. United States v. Hines 398 F.3d 713, 720 (6th Cir. 2005).

Under the new post-Booker framework, the district court is empowered with greater discretion to consider the factors provided in 18 U.S.C. 3553(a) in determining a proper sentence. That section provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed shall consider -
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed -
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> © to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The above sentencing factors, including the Government's downward departure motion, warrant a sentence of 28 months imprisonment.

**A.**

**NATURE AND CIRCUMSTANCES OF THE OFFENSE**

The nature and circumstances surrounding the offense warrant a sentence of 28 months imprisonment. As indicated in the Presentence Report, the offense conduct involved

4

a number of family members who participated in credit card and bankruptcy fraud. Defendant and his wife were the first defendants of the three scheduled trials to plead guilty. Their pleas led to the guilty pleas of all of the remaining defendants which saved the Government and the Court the time and expense of 3 multiple defendant trials.

Defendant believes his guilty plea, without the benefit of a Rule 11 Plea Agreement, and his agreement to cooperate in the remaining trials is a significant sentencing factor warranting a sentence below the calculated guideline range and the Government's recommended departure range of 38-49 months. Federal courts have recognized that a defendant's actions may benefit the judicial system and the proper administration of justice in addition to assistance provided to the Government and recognized under USSG 5K1.1 See United States v. Garcia, 926 F.2d 125 (2nd Cir. 1991). Where the defendant's conduct, broke the log jam in a multi-defendant case , and his relatively early guilty plea and willingness to testify against codefendants induced their guilty pleas, this conserved judicial resources by facilitating the disposition of the case without a trial. In cases such as this, the district court has sensible flexibility to depart. Id. at 128. By being the first to plead guilty the defendant made an indispensable contribution to resolving all of the charges concerning all of the co-defendants who would have been on trial with him. See United States v. Patricia, 912 F.Supp. 596 (D.Mass. 1998).

In the instant case, Defendant concedes he was not the first defendant to plead guilty. As the Court knows, Hussein Berro pled guilty first. As part of his plea agreement, at his sentencing, the Government moved for a downward departure equating to more than a 50% reduction of his calculated guideline range. ®. 530: Government's Combined Motion and

Brief for Downward Departure from Sentencing Guidelines). Despite the timeliness and extent of Hussein Berro's cooperation, all remaining defendants were scheduled for three consecutive trials. Defendant and his wife's guilty pleas lead to a family meeting and the agreement by all remaining codefendants to resolve their cases through guilty pleas. The systemic impact of Defendant and his wife's guilty pleas on influencing the remaining codefendants to plead guilty cannot be underestimated. Defendant submits that if Hussein Berro's cooperation warranted a 50%, or 6 level, downward departure, his cooperation reasonably warrants a 30%, or 4 level, downward departure to a sentence of 28 months.

**B.**

**HISTORY AND CHARACTERISTICS OF DEFENDANT**

Defendant's history and characteristics warrant a sentence of 28 months imprisonment As indicated in the Presentence Report, Defendant has no prior felony convictions and only 1 prior misdemeanor conviction which occurred 28 years ago. The Commission itself has determined that its Criminal History Category I overstates the criminal tendencies and likelihood of recidivism for a true first-time offender like Defendant. See U.S. Sentencing Commission, Measuring Recidivism: The Criminal History Computations of the Federal Sentencing Guidelines 15 (2004) (concluding that "sentencing reductions for 'first offenders' are supported by the recidivism data and would recognize their lower re-offending rates"). The instant offense represents his first felony conviction and will result in his first sentence of incarceration.

In addition, Defendant had a significant alcohol abuse and gambling problem that contributed to his involvement in the instant offense,    Defendant believes his history of

6

substance abuse and persistent gambling are significant sentencing factors. Although the Guidelines indicate that alcohol abuse and addiction to gambling are not reasons for a downward departure, Defendant submits that post-Booker, the Court could find these factors to warrant a variance from the guideline range under 18 U.S.C. 3553. See U.S.S.G. 5H1.6. As indicated in the Presentence Report, Defendant dramatically increased his consumption of alcohol after the loss of his mother and the events of 9/11/01. Defendant became depressed and was unable to get regular work because of his middle-eastern background. At that time he began spending up to 10 hours a day at local casinos gambling with Sadek Berro and consuming 5-10 drinks a day. Defendant has curtailed his drinking recently on his physician's orders due to his health problems. Defendant's past substance abuse and its relation to his criminal activity is another sentencing consideration.

Defendant has significant physical and mental health problems including recent strokes, high blood pressure, hypertension, depression, and anxiety. He has suffered strokes in 2002, 2004, and most recently the Fall of 2006. These strokes have affected his memory and his ability to maintain employment. He has sought treatment for depression and anxiety since the Fall of 2004. The guidelines note that both age and physical condition may be valid grounds for a downward departure. United States v. Tocco, 200 F.3d 401, 434 (6th Cir. 2000) citing U.S.S.G. 5H1.1. An aged defendant with a multitude of health problems may qualify for a downward departure under 5H1.4. United States v. Johnson, 71 F.3d 539, 545 (6th Cir. 1995). It is appropriate for the district court to obtain independent and competent medical evidence to determine the extent of a defendant's infirmities and the prison system's ability or inability to accommodate him. United States v. Bostic, 371 F.3d 865, 876 (6th Cir. 2004).

7

Defendant submits that any term of incarceration imposed on him will have a greater impact than a similar sentence imposed on an able-bodied defendant.

Finally, Defendant's family responsibilities are another significant sentencing factor. As indicated in the Presentence Report, Defendant is responsible for his wife and 2 children. Defendant and his wife live together and provide for their children. Despite his present physical and mental condition, Defendant feels responsible for the welfare of his wife and children. Obviously, any sentence imposed upon Defendant will affect not only him but his family as well.

### C.

### NEED TO PROVIDE PUNISHMENT, PROTECT THE PUBLIC, AND TO PROVIDE OTHER CORRECTIVE TREATMENT

A sentence of 28 months imprisonment is sufficient to provide punishment, protect the public, and to provide Defendant with other corrective treatment. Defendant is presently 50 years old. The instant offense represents his first criminal conviction and will result in his first sentence of incarceration. The pendency of this case has taken a toll on Defendant's physical, mental, and financial well-being. Whatever sentence is ultimately imposed in this case will be significant in light of Defendant's present age and need not be longer than 28 months to provide punishment or to protect the public. In addition, Defendant's history of substance abuse and his poor health warrant recommendations for intensive treatment and placement at a medical facility. A sentence of 28 months imprisonment is adequate to reflect the seriousness of the offense, promote respect for the law, and punish Defendant for the offense conduct.

## II.

## CONCLUSION

For all of the reasons above, Defendant respectfully requests that this Honorable Court impose a sentence of 28 months imprisonment.

> Respectfully submitted,
>
> FEDERAL DEFENDER OFFICE
> Legal Aid & Defender Assn, Inc
>
>
> s/ David C. Tholen
> Attorney for Defendant
> 645 Griswold, Ste. 2255
> Detroit, Michigan 48226
> (313) 961-4150
> E-mail: david_tholen@fd.org
> P43836

Dated: January 16, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                           CR. NO. 04-80370
                                HONORABLE JOHN CORBETT O'MEARA

AKRAM ABDUL KARIM BERRO,

        Defendant.
_____/

## CERTIFICATE OF SERVICE

        I certify that on January 16, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        Barb McQuade & Cathleen Corkin
        Assistant U.S. Attorneys
        United States Attorney's Office
        211 W. Fort Street, Ste. 2001
        Detroit, MI  48226

and provided a copy of said paper to the following:

        Kim Crova
        U.S. Probation Officer
        Federal Courthouse
        Ann Arbor, MI 48226

        s/ David C. Tholen
        Attorney for Defendant
        645 Griswold, Ste. 2255
        Detroit, Michigan 48226
        (313) 961-4150
        E-mail: david_tholen@fd.org
        P43836